## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PRESTON W. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20CV159 DDN |
| | ) | |
| ROBERT N. MAYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Preston W. Simpson for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $10.58. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. ECF No. 2. In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits of $52.92. ECF No. 3. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $10.58, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence

of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## Background

In order to understand the allegations of plaintiff's complaint, some background on plaintiff's criminal history with the Missouri state courts is necessary. Plaintiff is currently being held in Stoddard County Jail. He states at the beginning of the 'Statement of the Claim' section of his complaint: "See: Case Number: 15SD-CR-00840-01." ECF No. 1 at 11. Independent review on Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff is referring to a criminal case out of Stoddard County where he was charged on August 4, 2015, with one count of failure to register as a sex offender. *State v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015). Judge Robert Mayer was assigned the case. On October 7, 2015, plaintiff pled guilty and was sentenced to the Missouri Department of Corrections ("MDOC") for six (6) years. However, the Court suspended execution of his sentence and placed him on probation for three years. At the time of his sentencing, plaintiff was represented by attorneys Joel Schwartz and Brianne BeSheer. Unfortunately, twelve days after his sentencing, plaintiff was arrested for shoplifting. Stoddard County prosecuting attorney Andrew Rehmer filed a motion for probation revocation. On August 22, 2016, the Court revoked plaintiff's probation and executed his six (6) year sentence.

- 3 -

On February 14, 2017, plaintiff sought post-conviction relief by filing a motion to vacate, set aside, or correct the judgment or sentence in state court. *Simpson v. State*, No. 17SD-CC00013 (35th Jud. Cir. 2017).  On January 24, 2019, Judge Mayer sustained plaintiff's amended motion for post-conviction relief and vacated his plea and sentence.  The Court granted relief based on a finding that plaintiff had not received effective assistance of counsel and that his counsel's ineffectiveness caused his guilty plea to be involuntary.

In February 2019, Stoddard County assistant prosecuting attorney Russ Oliver announced that the State was continuing with its criminal prosecution of plaintiff for failure to register as a sex offender (case no. 15SD-CR00840-01).  However, plaintiff was released on bond.  In October 2019, defense counsel for plaintiff filed a motion to dismiss for failure to state an offense.  Plaintiff seems to be arguing that he was not living at his mother's home in Bernie, Missouri, and therefore, he did not fail to register as a sex offender at that address.

On April 30, 2020, the Court issued a warrant on plaintiff, finding probable cause that he had violated his bond.  One day earlier, plaintiff had been charged with domestic assault, unlawful possession of a firearm, unlawful use of a weapon, and resisting arrest in Stoddard County.  *State v. Simpson*, No. 20SD-CR00403 (35th Jud. Cir. 2020).  In May 2020, the Missouri state court ordered a mental examination of plaintiff.  The State Department of Mental Health doctor found plaintiff competent in July 2020, but plaintiff's counsel filed objections to the finding of competency in August 2020.  The case is currently set for a hearing in October 2020 before Judge Mayer.

**The Complaint**

Plaintiff filed his complaint on the Court's 'Civil Complaint' form, alleging claims against sixteen defendants: (1) Judge Robert N. Mayer; (2) Russell David Oliver (Stoddard County prosecuting attorney); (3) Andrew Jeffrey Rehmer (Stoddard County assistant

prosecuting attorney); (4) Joel J. Schwartz (plaintiff's former defense counsel); (5) Brianne R.

BeSheer (plaintiff's former defense counsel); (6) Sergeant Rick Cook (Dexter police

department);[1] (7) Lieutenant Josh Benton (Dexter police department); (8) John Stepp (Stoddard

County Deputy); (9) Sergeant Eddie Allen Mays (Bernie police department); (10) Officer Randy

Elles (Bernie police department); (11) James M. Marshall (plaintiff's former neighbor); (12)

Christine Marshall (plaintiff's former neighbor); (13) Robert Haas (plaintiff's former neighbor);

(14) Todd Young (plaintiff's former neighbor); (15) Paul Cook (family of plaintiff's former

neighbor); and (16) Kim Cook (family of plaintiff's former neighbor).  Plaintiff sues James and

Christine Marshall; Robert Haas; and Paul and Kim Cook, in their individual capacities.  Plaintiff

does not specify the capacity in which he sues Judge Mayer.  All other defendants are sued in

both their individual and official capacities.  ECF No. 1 at 1-7.

Plaintiff alleges federal question jurisdiction over this matter, and that this is a suit

against the federal government, a federal official, or a federal agency.  According to plaintiff,

named defendants Mayer (Missouri State Judge), Oliver, and Rehmer (Stoddard County

prosecuting attorneys) are federal officials.  As to federal question, plaintiff alleges jurisdiction

under the "1st; 4th; 5th; 6th; 8th & 14th Amendment(s) of the Constitution," but also under the

"Sexual Offender Registry," the "Adam Walsh Child Protection Services / Act," and the

"Sexually Violent Predator (S.V.P.) Act."  ECF No. 1 at 8.

As to police officers Mays, Cook, Benton, Elles, and Stepp, plaintiff alleges false arrest

and references his state court case for failure to register as a sex offender.  According to plaintiff,

Bernie police officer Mays illegally profiled him when Mays performed "home compliance

checks" for the sexual offender registry.  *Id.* at 11.  As to Dexter police officers Cook and

---

[1] The docket sheet incorrectly refers to this defendant as "Sgt. Cook Rick."  The Court will direct the Clerk of Court
to correct this misspelling.

Benton, Bernie police officer Elles, and Stoddard County deputy Stepp, plaintiff asserts that they "utilized poor leadership" and "policing" skills when they acted in concert to falsely arrest him. *Id.* at 11-12.

Plaintiff asserts prosecutorial misconduct against Stoddard County prosecuting attorneys Rehmer and Oliver, stating that they prosecuted him on " 'trumped up charges' utilizing fabricated police reports via coached witnesses." *Id.* at 12. Plaintiff further alleges that Judge Robert Mayer made a procedural error in "accepting an invalid plea agreement … in October of 2015," which resulted in plaintiff's six (6) year sentence. *Id.* at 13. As to defense attorneys Schwartz and BeSheer (who represented plaintiff when his plea agreement was entered in his criminal case), plaintiff asserts that they "made no objection to an invalid plea agreement, took the money, etc., [and] ran." *Id.*

Finally, plaintiff names as defendants many former neighbors in Bernie, Missouri and some family members of former neighbors. As to defendants James Marshall, Christine Marshall, and Robert Haas, plaintiff asserts that they filed a false police report against him, stating that he had moved back to Bernie "without evidence to prove it" and "to fuel his … false imprisonment." *Id.* As to another former neighbor in Bernie, Todd Young, plaintiff alleges that he "possibly invaded [plaintiff's] privacy rights," acted in concert with the Bernie police to arrest plaintiff, and filed false police reports against plaintiff. *Id.* at 14. Plaintiff also claims that defendants Paul and Kim Cook (family members of his former neighbors) acted in concert with other defendants by filing "corrupted / false police reports," implicating that plaintiff had moved. *Id.*

For relief, plaintiff seeks $120,000 in money damages.

**Discussion**

Plaintiff alleges federal jurisdiction exists over this matter based on the suit being against federal officials.  However, there are no federal officials named as defendants – only state officials.  Plaintiff also alleges federal question jurisdiction, citing multiple constitutional amendment rights.  Plaintiff seems to be asserting claims of civil rights violations under 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In *Wallace v. Kato*, the United States Supreme Court observed that it is common practice to stay § 1983 civil proceedings when a related criminal case is still pending.  549 U.S. 384, 393-94 (2007).  The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."  *Id.* at 388.  Furthermore, the Court instructed that where "a plaintiff files a false arrest claim before he has been convicted … it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Id.* at 393-94.  Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession."  *Id.* at 393 (internal citation omitted).

Plaintiff's § 1983 action here is based on the same facts and circumstances giving rise to his criminal charges in *State v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015).  All of plaintiff's allegations in this matter relate to rulings that "will likely be made in a pending or

anticipated criminal trial." *Wallace*, 549 U.S. at 393.  As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.58 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal proceedings, including appellate and post-conviction proceedings, against plaintiff in his case of *State v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the docket sheet spelling of defendant "Sgt. Cook Rick" to "Sgt. Rick Cook."

Dated this 28<u>th</u> day of September, 2020.

_____
  **HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**