UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON W. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-CV-159 DDN |
| | ) |
| ROBERT N. MAYER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This recently reopened matter is before the Court on motions from self-represented Plaintiff Preston W. Simpson to amend his complaint (ECF No. 28) and for appointment of counsel in this civil case (ECF Nos. 25, 29). The Court will grant Plaintiff's motion to amend and direct the filing of Plaintiff's proposed amended complaint. Plaintiff was previously granted *in forma pauperis* status in this matter, therefore review of the amended pleadings under 28 U.S.C. § 1915(e)(2) is appropriate. Upon such review, the Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted. As such, dismissal is required and Plaintiff's motions regarding appointment of counsel will be denied as moot.

**Background[1]**

In September 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* but stayed and administratively closed this matter under *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)), pending final disposition of Plaintiff's state court criminal proceeding. ECF Nos. 9-10. The Court directed Plaintiff to notify the Court in writing when there was a final disposition of the

---

[1] The Court provided a detailed background on Plaintiff and this matter in its recent Order reopening the case. A brief procedural background will be provided here. Background necessary to understanding the allegations of Plaintiff's amended complaint will be provided as needed below.

criminal charges pending against him in state court. Recently, Plaintiff informed the Court that his pending criminal state court matter had been dismissed and the Court reopened this case.

### Plaintiff's Motion to Amend (ECF No. 28)

On October 22, 2021, Plaintiff filed a motion for leave of court to file an "amended/supplemental complaint." ECF No. 28. Plaintiff properly attached his proposed amended complaint to the motion. *See* ECF No. 28-1. As leave to amend should be freely given under the Federal Rules of Civil Procedure, Plaintiff's motion to amend will be granted and the Clerk of Court will be directed to docket the pleading accordingly.

### Review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)

### I.     Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

## II.     The Amended Complaint

Plaintiff filed his amended complaint on the Court's 'Civil Complaint' form, alleging claims against eighteen defendants: (1) Robert N. Mayer (Stoddard County Judge); (2) Russell David Oliver (Stoddard County prosecutor); (3) Andrew Jeffrey Rehmer (Stoddard County assistant prosecutor); (4) Eddie Allen Mays (Bernie police department sergeant); (5) Joel J. Schwartz (Plaintiff's former defense attorney); (6) Brianne Rose BeSheer (Plaintiff's former defense attorney); (7) Rick Cook (Dexter police department sergeant); (8) Tierra Disiree Frederick (Plaintiff's former stepdaughter); (9) Paul Cook (family of Plaintiff's former neighbor); (10) Kim Cook (family of Plaintiff's former neighbor); (11) James M. Marshall (Plaintiff's former neighbor); (12) Christine Marshall (Plaintiff's former neighbor); (13) Robert Haas (Plaintiff's former neighbor); (14) Todd Young (Plaintiff's former neighbor and city alderman); (15) John Stepp (Stoddard County Deputy); (16) Randy Elles (Bernie police department officer); (17) Josh Benton (Dexter police department lieutenant); and (18) John Doe (Plaintiff's former cellmate). ECF No. 28-1 at 1-6.  Plaintiff's names Defendants Mayer, Oliver, Rehmer, Schwartz, BeSheer,

3

Cook, Benton, Stepp, Mays, Elles, and Young in both their individual and official capacities. All other Defendants are sued in their individual capacities only. *Id.*

On the form complaint, the sole basis asserted for federal court jurisdiction is federal question. *Id.* at 7. Plaintiff alleges jurisdiction under the "1st, 4th, 5th, 6th, 8th & 14th Amendment(s) of the Federal Constitution of the United States of America," but also under the "Sex Offender Registry," the "Adam Walsh Child Protection Services / Act," the "Sexually Violent Predator (S.V.P.) Civil Commitment Act," and "federal conspiracy law." *Id.*

Plaintiff alleges that the eighteen defendants conspired together to have him wrongfully arrested, charged, and imprisoned on a charge of failure to register as a sex offender.[2] *Id.* at 9. Plaintiff explains that he lived in Bernie, Missouri with his family until December 2014 when he moved to Dexter, Missouri. *Id.* at 10. Bernie and Dexter are both located in Stoddard County, Missouri. In August 2015, Plaintiff was arrested in Stoddard County, for failure to register as a sex offender. Plaintiff asserts that the alleged conspiracy between Defendants involves false sexual offense allegations and resulted in multiple fist fights; him being sprayed with mace; loss of attorney fees; loss of time with his child and family; and mental and/or emotional anguish. *Id.* at 9.

As to Defendant Eddie Allen Mays (a Bernie police department sergeant), Plaintiff asserts that Mays "illegally preprofiled" him for "arrest … without a warrant, reasonable suspicion or probable cause" as is "necessary to physically enter and search." *Id.* at 10. According to Plaintiff, Mays "performed [un]justifiable, never-before-seen-or-heard-of, face-to-face, in-home

---

[2] According to independent review on Missouri Case.net, Plaintiff plead guilty in 1997 to child molestation and misdemeanor stealing. *State v. Simpson*, No. 32R059701269-01 (32nd Jud. Cir. 1997). Then in 1998, Plaintiff plead guilty to first degree statutory rape and was sentenced to twelve (12) years' incarceration. *State v. Simpson*, No. 32R059800614-01 (32nd Jud. Cir. 1998). Under Missouri statute, statutory rape in the first degree qualifies as a "tier III" sexual offense requiring registration as a sex offender. Mo. Rev. Stat. § 589.414(7)(2)(b); *see generally* Mo. Rev. Stat. §§ 589.400-589.425.

4

'compliancy checks' for the sexual offender registry" at Plaintiff's Bernie, Missouri address until he moved in December 2014.  Plaintiff further alleges that Mays harassed and threatened Plaintiff (and Plaintiff's mother) that he would hold Plaintiff as noncompliant if Plaintiff did not freely submit to compliancy checks.  Plaintiff describes the compliancy checks as "considerably intrusive." *Id.* at 10.  During the time Plaintiff lived in Dexter (December 2014 until his arrest in August 2015), Plaintiff states that he "was not subjected to any in-home 'compliancy checks.'" *Id.* at 10-11.  According to a nonparty witness, in 2020 (five years after Plaintiff's arrest), Mays threatened to put Plaintiff "back into prison" if he moves back to Bernie.  *Id.* at 11.

Plaintiff asserts that former neighbors and family of former neighbors in Bernie – including Defendants Paul and Kim Cook; James and Christine Marshall; Robert Haas; and Todd Young – acted in concert and in furtherance of the conspiracy when they filed false police reports against Plaintiff, stating that Plaintiff had moved back to Bernie to live with his family.  *Id.* at 15-16.

Plaintiff asserts that police officers Mays, Cook, Benton, Elles, and Stepp "act[ed] in concert with other/(s) to secure [his] false arrest and/or imprisonment" and "utilized poor leadership and/or policing skills in concert with other/(s)" when they "dumbed-down [their] methods during the course of [their] investigation" and "never simply called [Plaintiff] or [Plaintiff's] other Emergency Contact within the Sexual Offender Registry to make contact/address verification."  *Id.* at 11, 17-18.

Plaintiff alleges that Defendant Judge Mayer "accepted an invalid plea" from Plaintiff on October 7, 2015, in his state court criminal case for failure to register as a sex offender.  *Id.* at 12; *see State v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015).[3]  Plaintiff states that during

---

[3] Plaintiff was charged on August 4, 2015, in Stoddard County, Missouri, with one count of failure to register as a sex offender.  Judge Robert Mayer was assigned the case.  On October 7, 2015, Plaintiff plead guilty and was sentenced to the Missouri Department of Corrections ("MDOC") for six (6) years.  However, the Court suspended execution of his sentence and placed him on probation for three years.  At the time of his sentencing, Plaintiff was represented by

5

his guilty plea, he told Judge Mayer that he "didn't commit the crime" but that he was entering a guilty plea anyway based on his understanding from defense counsel. Plaintiff claims that Defendant defense attorney BeSheer informed him that by visiting his family often and staying over two nights at the address in question, Plaintiff has committed the comparable offense of "frequenting" and therefore, he should just plead guilty. Judge Mayer accepted Plaintiff's guilty plea and issued a sentence. When Plaintiff appealed, he states that he prevailed on appeal.[4]

Defendant defense attorneys Schwartz and BeSheer represented Plaintiff in his state court criminal proceedings on the failure to register charge. As to Schwartz, Plaintiff alleges that he "never showed up personally" but that everything that happened through co-counsel BeSheer "is reflective of [Schwartz's] services" and "as a forefather of his firm," Schwartz is "somewhat responsible/liable" for BeSheer's actions. *Id.* at 13. Plaintiff asserts that attorney BeSheer "didn't fight for [his] innocence" and she used "charm & flattery and intelligence … to coax" Plaintiff into pleading guilty. BeSheer "exploited [Plaintiff's] trust in her" by "playing off of [his] ignorance," "selectively produc[ing]" discovery documents "to overwhelm" his senses and pressure him with "trickery and misinformation." *Id.* When it became apparent that Plaintiff was adamant about his innocence, BeSheer encouraged Plaintiff to plead guilty by telling him that there was a lot of evidence against him and informing him that his visits to his mother's home were "a comparable offense of 'frequenting' … so [he] should plea out anyway." *Id.* at 14.

---

attorneys Joel Schwartz and Brianne BeSheer. Unfortunately, twelve days after his sentencing, Plaintiff was arrested for shoplifting. Stoddard County prosecuting attorney Andrew Rehmer filed a motion for probation revocation. On August 22, 2016, the Court revoked Plaintiff's probation and executed his six (6) year sentence.

[4] On February 14, 2017, Plaintiff sought post-conviction relief by filing a motion to vacate, set aside, or correct the judgment or sentence in state court. *Simpson v. State*, No. 17SD-CC00013 (35th Jud. Cir. 2017). On January 24, 2019, Judge Mayer sustained Plaintiff's amended motion for post-conviction relief and vacated his plea and sentence. The Court granted relief based on a finding that Plaintiff had not received effective assistance of counsel and that his counsel's ineffectiveness caused his guilty plea to be involuntary.

Plaintiff alleges that Stoddard County prosecutor Oliver and assistant prosecutor Rehmer committed prosecutorial misconduct when they "prosecuted [him] on trumped-up charges utilizing fabricated police reports via coached, etc., witnesses."[5] *Id.* at 18.

Plaintiff alleges that his former stepdaughter Defendant Frederick "conspired to wrongfully commit [him] to the Mo. S.V.P. Unit via [a] false allegation" that she brought to the Children's Division of the Scott County Department of Social Services in March 2017. *Id.* at 19 (*citing* Linda G. Simpson/Child Abuse & Neglect Investigation Incident # 20170900190). Although these allegations seem unrelated to the failure to register charge, Plaintiff believes the matters are associated because he thinks that the allegations by Frederick were part of "a systematic connection between [his] wrongful arrest and false imprisonment and this false allegation to gear [his] case up for the 'prong[s] of justice' and to initiate an execution." Plaintiff states that he was denied fair disclosure of the evidence in the investigation and he was "placed into some type of secondary registry." *Id.*

Finally, as to Defendant John Doe, Plaintiff asserts that Doe is a cellmate that Plaintiff was incarcerated with in Cameron, Missouri within the Administrative Segregation unit, when Plaintiff was imprisoned on the failure to register charge. *Id.* at 20. Plaintiff asserts that Doe falsely accused him of sexual offenses. Again, Plaintiff believes these false accusations are part of the general "conspiracy to wrongfully commit [him] as an alleged S.V.P" because "[t]here seems to be a connection, systematically, here." *Id.*

For relief, Plaintiff wants to be "removed from the secondary registry" and he requests seven (7) million dollars in damages. *Id.* at 9, 21.

---

[5] After Plaintiff's motion for post-conviction relief was granted, in February 2019, Stoddard County assistant prosecuting attorney Russ Oliver announced that the State was continuing with its criminal prosecution of Plaintiff for failure to register as a sex offender (case no. 15SD-CR00840-01).

7

### III. Jurisdiction Under 42 U.S.C. § 1983

Plaintiff asserts that this Court has jurisdiction over this matter based on federal question jurisdiction. Plaintiff does not specify (and the Court is unaware of) any basis for a conspiracy claim against these Defendants based on "The Sex Offender Registry;" "The Adam Walsh Child Protection Services / Act;" or "The Sexually Violent Predator (S.V.P.) Civil Commitment Act." ECF No. 28-1 at 7. Plaintiff does identify specific constitutional amendments and states that he brings suit under "federal conspiracy law." *Id.* As best the Court can decipher, Plaintiff is trying to assert a claim of federal conspiracy under 42 U.S.C. § 1983. The Court discussed such legal basis for Plaintiff's claims in its September 28th Order, and Plaintiff has not contested it. *See* ECF No. 9 at 7.

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

A private party can be held liable under § 1983 when it acts under color of state law. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable if it is a "willful participant in joint activity with the State or

8

its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted).

### IV. Failure to State a 42 U.S.C. § 1983 Claim

"To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the over act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Additionally, in order to prevail, the plaintiff is required to prove the deprivation of a constitutional right or privilege. *Riddle v. Riepe*, 866 F.3d 943, 948 (8th Cir. 2017); *see also Draper v. City of Festus, Mo.*, 782 F.3d 948, 953 (8th Cir. 2015). "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018).

Allegations of conspiracy "must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (per curium)). Plaintiff must assert a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013).

Plaintiff alleges that the eighteen named Defendants conspired together to get him wrongly arrested and jailed on a criminal charge of failure to register as a sex offender. Plaintiff provides absolutely no factual support for this assertion. There is no evidence that most of the Defendants even knew each other or had ever met. There is certainly no evidence that they conspired together to deprive Plaintiff of a constitutional right. Conspiracy must be plead with some specificity. Plaintiff's bare assertions of a conspiracy are not sufficient to state a § 1983 conspiracy claim.

*See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").

### a. State Actor Police Officer Defendants: No Evidence of Mutual Understanding or Meeting of the Minds

Defendant Police Officers Cook, Benton, Stepp, Mays, and Elles are state actors, acting under color of state law in the performance of their duties. However, Plaintiff provides no factual support for his allegation that they conspired together to get him falsely arrested and charged with failure to register as a sex offender. His allegations of poor leadership and policing skills do not state a § 1983 claim. It is common for police officers employed by different state or local agencies to work together in criminal arrests and investigations. Assuming Plaintiff's former neighbors and their family members filed false police reports regarding Plaintiff's place of residence, there is no evidence here that the Defendant Officers knew that the reports were false when Plaintiff was arrested and charged.

The only Defendant Officer that Plaintiff provides specific allegations against is Sergeant Mays. Plaintiff alleges that Mays performed "intrusive" sex-offender compliance checks at Plaintiff's residence in Bernie, constituting unreasonable searches. Plaintiff does not specify how the compliance checks were intrusive or if his residence was actually searched by Mays. Allegations of rude behavior and verbal harassment by compliance-check officers do not rise to the level of a cognizable constitutional claim. *Logue v. U.S. Marshals*, No. 1:13-CV-348, 2013 WL 3983215, at *4 (S.D. Ohio Aug. 1, 2013) (dismissing for failure to state a claim a § 1983 claim based on allegation that compliance check was conducted in threatening and aggressive manner with no assertion of tangible injury to plaintiff); *see also Turner v. Mull*, 784 F.3d 485, 492 (8th

Cir. 2015) (general allegations of mere verbal threats do not state a § 1983 claim). Furthermore, the Eighth Circuit has found compliance checks reasonable under the Fourth Amendment when they are a condition of probation. *See United States v. Vincent*, 167 F.3d 428 (8th Cir. 1999), *cert. denied*, 120 S. Ct. 124 (U.S. 1999) (finding warrantless search requirement reasonably related to probation goals of rehabilitation and public protection).

      **b. Non-State Actors: No Joint Activity with State**

Many of the named Defendants – including Plaintiff's former neighbors, family of former neighbors, former stepdaughter, prior cellmate, and private defense attorneys – are not state actors. In order to state a § 1983 conspiracy claim against a private party, Plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff must provide factual support that such Defendants were a "willful participant in joint activity with the State or its agents." *Gibson*, 557 F.3d at 846.

Plaintiff alleges that his former neighbors and family of former neighbors in Bernie (Defendants Paul and Kim Cook, James and Christine Marshall, Robert Haas, and Todd Young), acted in furtherance of the conspiracy when they filed false police reports stating that Plaintiff had moved back to Bernie. As for his former stepdaughter Defendant Frederick, Plaintiff alleges that she brought false allegations of sexual abuse to social services, to support the charge of failure-to-register that was pending against him. Plaintiff asserts that his prior cellmate, John Doe, also falsely accused him of sexual offenses, in furtherance of the conspiracy. Finally, Plaintiff alleges that his private defense attorneys, Schwartz and BeSheer, gave him incorrect legal counsel and improperly encouraged him to plead guilty.

11

Plaintiff admits that he spent a lot of time with his family at their home in Bernie after moving to Dexter, including spending multiple nights there. Plaintiff does not attach the police reports which he alleges contain the false statements by his former neighbors and their family. Assuming such reports contain statements that Plaintiff moved back into the Bernie family home when he had not, there is no evidence that these statements were made in furtherance of a mutual understanding or agreement with state actors to get Plaintiff falsely charged with a crime. Similarly, Plaintiff provides no evidence that the allegations of sexual abuse made by his former stepdaughter and prior cellmate have any connection to his failure to register case. Both of these Defendants made accusations of sexual misconduct by Plaintiff well after Plaintiff had already been charged and detained on the failure to register charge. Simply alleging that all of these people were acting in furtherance of a conspiracy, without any factual support, is not enough to state a claim.

There is evidence that Plaintiff received problematic legal advice from his private defense counsel. Plaintiff's plea and sentence were vacated in a post-conviction proceeding based on ineffective assistance of counsel. However, there is nothing in the record, nor in Plaintiff's allegations, suggesting a conspiracy between Defendant defense attorneys Schwartz and BeSheer, and any state actors. Although Plaintiff may have received bad legal counsel, there are no facts asserted suggesting that Schwartz and BeSheer encouraged Plaintiff to plead guilty on the failure to register charge in furtherance of a conspiracy.

Plaintiff provides no evidence of any joint activity between any of the private-party Defendants and any state actor, including any of the Defendants who are state actors. There are no factual assertions suggesting any meeting of the minds or agreement between any of the

12

Defendants to deprive Plaintiff of a constitutional right. Plaintiff's amended complaint fails to state a claim for relief under 42 U.S.C. § 1983.

### c. Judge and Prosecutor Defendants: Immunity

Even if Plaintiff had provided some factual support for a conspiracy, immunity bars Plaintiff's § 1983 claims against Stoddard County Judge Robert Mayer and prosecutors Russell David Oliver and Andrew Jeffrey Rehmer. Plaintiff's allegations against Judge Mayer are based on alleged wrongdoings by Mayer while performing his judicial duties in Plaintiff's state court proceedings. Plaintiff alleges that Judge Mayer improperly accepted his guilty plea. The Court notes, however, that Judge Mayer also vacated Plaintiff's plea and sentence after granting him post-conviction relief. As to prosecutors Oliver and Rehmer, Plaintiff alleges that they committed prosecutorial misconduct when they prosecuted him based on false police reports.

Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, Plaintiff alleges no facts of Judge Mayer acting outside his judicial capacity or without jurisdiction. All of Judge Mayer's allegedly unlawful actions were judicial in nature. Further, Judge Mayer, acting as a judge in the 35th Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 14. Furthermore, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Mayer acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to Plaintiff's claims against him.

Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*).

Plaintiff does not allege that prosecutors Oliver and Rehmer acted outside the scope of normal prosecutorial functions in their initiation and pursuit of criminal charges against Plaintiff. As such, these defendants are protected by immunity. Therefore, even if Plaintiff had stated valid claims for relief against Defendants Judge Mayer and prosecutors Oliver and Rehmer, Plaintiff's claims would be subject to dismissal based on immunity.

**Conclusion**

Plaintiff alleges that the eighteen named Defendants conspired together to get him criminally charged and convicted of failure to register as a sex offender. His arrest was in August 2015. Yet his allegations span from 2014 intrusive sex-offender compliance checks by Defendant Mays to 2017 allegations of sexual abuse by Defendant Frederick. There is no evidence to suggest that most of the Defendants even knew each other, never mind acted in concert against Plaintiff. There is no factual support for any mutual understanding or meeting of the minds between the eighteen Defendants. Nothing in the record suggests a conspiracy. This case will be dismissed

for failure to state a claim upon which relief may be granted under 28 U.S.C. 1915(e)(2)(B). Because this case is being dismissed, Plaintiff's requests for counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 28] is **GRANTED**.  The Clerk of Court shall detach document number 28-1 and docket it as an amended complaint in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against Defendants Robert N. Mayer, Russell David Oliver, Andrew Jeffrey Rehmer, Eddie Allen Mays, Joel J. Schwartz, Brianne R. BeSheer, Rick Cook, Tierra Disiree Frederick, Paul Cook, Kim Cook, James M. Marshall, Christine Marshall, Robert Haas, Todd Young, John Stepp, Randy Elles, Josh Benton, and John Doe are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 25] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of denial of counsel [ECF No. 29] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 1st  day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE